Vivian Lu, Esq.  (SBN 209463)
Tracy L. Wood, Esq. (SBN 209362)
**LAW OFFICES OF VIVIAN LU**
**35485-B Dumbarton**
**Newark, CA  94560**
**Tel.: (510) 494-1188**
**Fax: (510) 494-1166**

Attorneys for Plaintiff:
**CHING YUAN CHIEN**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHING YUAN CHIEN, | CASE NO. CV-03631-RMW |
| Plaintiff, | PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT |
| and | |
| MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security; JONATHAN SCHARFEN, as Acting Director of the U.S. Citizenship & Immigration Services; DAVID STILL, as San Francisco District Director, Citizenship & Immigration Services; LINDA HERNANDEZ, San Jose Sub-Office Acting Director of Benefits; and DOES 1-100, | District Judge:  Honorable Judge Whyte<br>Date:<br>Time:<br>Courtroom: |
| Defendants. | |

### NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that this matter may be heard before the Honorable

Richard W. Wieking, located at 280 South First Street, San Jose, CA  95113, the above

referenced Plaintiff will and hereby move the court for summary judgment on the ground that

there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law.

Case No. CV-03631-RMW
Plaintiff's Notice of Motion and Motion for Summary Judgment.

## MOTION

Plaintiff Ching Yuan CHIEN hereby moves this court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on this Notice, the points and authorities in support of this motion, the complaint and documents attached thereto, and upon such other matters as may be presented to the Court at the time of the hearing.

## STATEMENT OF RELIEF SOUGHT BY PLAINTIFF

Plaintiff seeks summary judgment in her mandamus action for the Court to enter an order requiring Defendants to expeditiously complete the security clearances on Plaintiff's application for adjustment of status and requiring the Citizenship and Immigration Services (COS) to process the case to conclusion. In addition, the Plaintiff prays that the Court grant such other relief that may be just and appropriate, including costs, expenses, and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 (1991).

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On January 27, 2004, Plaintiff Ching Yuan Chien filed in person, at the Los Angeles, California U.S.C.I.S., an I-485 application to adjust her status to lawful permanent resident. The Plaintiff was interviewed at Los Angeles District Office on July 29, 2005, and was informed that the USCIS had not completed her background check; and, therefore was unable to approve the petition. Plaintiff was also asked to provide police reports for all arrests and final court certified dispositions of all arrests, and any documents that would help establish that she has a bona fide marriage, which she promptly submitted by mail on October 1, 2005. Plaintiff then waited to receive an approval notice, but none was ever forthcoming.

On March 6, 2007, Plaintiff filed an inquiry by mail to USCIS inquiring about the status of her I-485 application to adjust status for herself and her daughter. USCIS issued a response dated March 6, 2007, stating "the processing of your case has been delayed. A check of our records establishes that your case is not ready for decision, as the required investigation into your background remains open." On or about September 2007, Plaintiff filed another inquiry by mail with USCIS, and received a response dated September 13, 2007, which states "processing of this case has been delayed because the required USCIS review is still in process."

On April 3, 2008, Plaintiff notified USCIS of her change of address and relocation to 1052 Sweet Ave., San Jose, CA 95129. Therefore, Plaintiff's USCIS file and adjustment of status case was transferred to the San Jose district office.

The defendants have failed to properly adjudicate this petition. They have failed to adhere to their own regulations and have improperly delayed the processing of the Plaintiff's I-485 Application after the Plaintiff had submitted a properly executed application. It has been 3 years and 7 months since Plaintiff filed her I-485.

Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements and complete the processing procedures.

Defendants' delay in this case is, as a matter of law, is arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving Plaintiff of the rights to which she is entitled.

The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq. are unlawfully withholding action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

The Plaintiff has provided sufficient evidence of her attempt to secure adjudication of these applications at issue, all to no avail. Accordingly, the Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

At this time, the FBI name check appears to be the only reason for the delay in adjudication of Plaintiff's I-485 application.

According to Citizenship and Immigration Services (CIS) processing dates for the San Jose District Office, which now has jurisdiction over this case, published July 15, 2008, the San Jose District Office is processing I-485 applications to Register Permanent Residence or Adjust Status that were filed on December 8, 2007, approximately eight months. Plaintiff's I-485 application has now remained pending more than three years and seven months from the date of filing.

Plaintiff filed a Complaint for Writ in the Nature of Mandamus on July 29, 2008.

## ARGUMENT

Summary judgment is appropriate because the pleadings, when viewed in the light most favorable to the nonmoving party, demonstrate that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cleotex Corp. v. Catret*, 477 U.S. 317 at 323 (1986).

Plaintiff is entitled to relief under 28 U.S.C. §1361 and the Administrative Procedures Act as a matter of law. Under 28 U.S.CC. §1361, district courts have original jurisdiction to compel an officer of the United States to perform his duty. While the duty is often mandatory or ministerial, the duty may also be in the exercise of discretion. Although an officer may have

1    discretion to adjudicate an application, it has a non-discretionary duty to process the

2    application. Failure to perform such duties can be contrary to law for mandamus to lie. *Davis*

3    *v. Shulz*, 453, F.2d 497, 502 (3rd Cr. 1971), *Naporano Metal and Iron Company v. Secretary of*

4    *Labor*, 529 F.2d 537 (3d Cir. 1976). Jurisdiction exists to challenge a U.S. official's authority

5    to "take or fail to take an action as opposed to a decision taken within …discretion." *Patel v.*

6    *Reno*, 134 F.3d 929 (9th Cir. 1997). Courts have also found jurisdiction under 28 U.S.C. §1331

7    and the APA. *Saleh v. Ridge*, 367 F. Supp.2d 508 (S.D.N.Y. 2005); *Wang v. Reno*, No. 01 Civ.

8    1698 (BSJ), 201 U.S. Dist. LEXIS 15577, (S.D.N.Y. Sept. 27, 2001).

9

10       The Administrative Procedures Act (APA) provides a cause of action when the government

11   unreasonably delays action or fails to act altogether. 5. U.S.C. §§555(b) and 706(1). The APA

12   states that federal courts can "compel agency action unlawfully withheld or unreasonably

13   delayed." 5 U.S.C. §706(1). Agency action also includes the "failure to act." 5 U.S.C. §

14   551(13). The APA imposes a clear duty on Defendants to act on Plaintiff's application.

15   Administrative agencies such as CIS do not have discretion to "avoid discharging the duties the

16   Congress intended them to perform." *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999). In

17   addition, a general timing provision for agencies is provided within the APA at 5 U.S.C. §

18   555(B), which states that agency action should be concluded within a reasonable time. *See*

19   *Forest Guardians v. Babbitt*, 174 F.3d 1178 (10th Cir. 1999).

20

21       Mandamus is appropriate where the plaintiff has a clear right to the relief requested, the

22   defendant has a clear duty to act, and no other adequate remedy is available. *Fallini v. Hodel*,

23   783 F.2d 1343 (9th Cir. 1986). 1) there claim is clear and certain, 2) the official's duty is

24   nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and 3) no

25   other adequate remedy is available. *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003).

26

27

28   Case No. CV-03631-RMW
     Plaintiff's Notice of Motion and Motion for Summary Judgment.

Plaintiff has a clear right to adjustment of status, the Defendants have a non-discretionary duty to provide that relief, and Plaintiff has no other adequate remedy available.

Section 245 of the INA and 8 U.S.C. § 1255(a) is the statute governing adjustment of status applications. It has been found that the INA establishes a clear right to the relief for adjustment of status applicants. *See Yu*, 36 F. Supp. 2d at 930-932; *Ahmed v. DHS*, 328 F.3d 383 (7th Cir. 2003); *Paunescu v. INS*, 76 F. Supp. 2d 896, 901 (N.D. ILL. 1999). Defendants have not provided any evidence contrary to Plaintiff's claim to have met all the statutory requirements for adjustment of status. Plaintiff's Original Complaint and attached exhibits. Thus, Plaintiff has a clear and certain claim for adjustment of status.

Defendants have a non-discretionary duty to adjudicate Plaintiff's adjustment of status application. *See Yu*, 36 F. Supp. 2d at 925; *Adbemaple v. INS*, No. 97 C 8547, 1998 WL 292441 (N.D. ILL. 1998); *Elkhatib v. Butler*, No. 04-222407, 2006 WL 2333566 (S.D. Fla. 20058); *Aboushaban v. Mueller*, No. C 07-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006). Defendants have a duty to simply process these applications. *Gelfer v. Chertoff*, 2007 WL 902382 (N.D. Cal. March 22, 2007). Furthermore, the Administrative Procedures Act (APA) also imposes a clear duty on Defendants to act on Plaintiff's application. §§555(b) and 706(1).

Six factors may also assist the Court in determining what I unreasonable delay. They include 1) time agencies take to make decisions must be governed by the rule of reason; 2) where Congress has provided a timetable or other indication of speed it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; 3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; 4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing authority; 5) the court

Case No. CV-03631-RMW
Plaintiff's Notice of Motion and Motion for Summary Judgment.

6

1    should also take into account the nature and extent of the interests prejudiced by delay; and 6)

2    the court need not find any impropriety lurking behind agency lassitude in order to hold that

3    agency action is unreasonably delayed. *Yu*, 36 F. Supp. 2d at 934. Furthermore, the source of

4    the delay is another factor in determining whether a delay is unreasonable, such as the

5    complexity of the investigation and the defendant's own participation in the delay. *Saleh*, 367

6    F. Supp. 2d. at 511-512; *Bartoloni v. Ashcroft*, 226 F. Supp. 2d 350, 354 (D. Conn. 2002).

7

8        Recently, courts in this District granted summary judgment on a factually similar

9    mandamus case with respect to the CIS' duty to adjudicate a plaintiff's I-485 application within

10   a reasonable time. *Aboushaban v. Mueller*, No. C 06-1280BZ, 2006 WL 3041086 (N.D. Cal.

11   Oct. 24, 2006). In another case, the judge has found that a more than two year delay to be

12   unreasonable as a matter of law. *Gelfer*, 2007 WL 902382 at *2. Other Courts have found

13   cases where adjustment of status applications have been pending for over 6 to 24 months

14   unreasonable. See *Galvez v. Howerton*, 503 F. Supp. 35, 39 (C.D. Cal 1980); *Paunescu,* 76F.

15   Supp. 2d at 901-02, *Agbemaple*, 1998 WL 292441; *Yu*, 36F. Supp. 2d at 931-32; *Elkhatib,* 2006

16   WL 2333566. *See also Salehian v. Novak*, No. 06-459, 2006 U. S Dist. LEXIS 77028 (D.

17   Conn. 2006) (application pending for more than two years); *Tjin-A-Tam v. United States Dep't*

18   *of Homeland Sec*. No 05-23339, 2007 U.D Dist. LEXIS 17994 (D. Fla. 2007) (application

19   pending for more than three years); *Hadari v. Frazier, No. 06-3215, 2006 U.S Dist. LEXIS*

20   *89177 (D. Minn. 2006)* (application pending from four to six years). *But see Zahani v. Neufeld*,

21   No. 05-1857, 2006 U.S Dist. LEXIS 56416 (M.D. Fla. 2006) (application pending for more

22   than three years); *Chaudry v. Chertoff.* NO. 06-1303, 2006 U.S Dist. LEXIS 66842 (D. Minn.

23   2006) (application pending for 17 months); *Jabr v. Chertoff,* No. 06-543, 2006 U.S Dist.

24   LEXIS 84588 (D. MO. 2006) (applications pending for more than three years); *Mustafa v.*

25   *Pasquerell*, No. 05-0658, 2006 U.S Dist. LEXIS 8047 (W.D Tex. 2006) (applications pending

26

27

28

1    more than four years); *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006) (applications

2    pending for more than four years).

3        The CIS has failed to adjudicate Plaintiff's adjustment of status application within a

4    reasonable time. Reasonableness of the delay is a factual determination to be determined on a

5    case by case basis. *Yu*, 36 F. Supp. 2d at 953. One can look to internal operating procedures or

6    what the average adjudication time is for adjustment of status applications, such as processing

7    reports. The CIS San Jose Sub Office, which currently has jurisdiction over this case because

8    Plaintiff resides within its jurisdiction, has their processing dates posted on the CIS web site,

9    and they report they are currently processing I-485 family-based adjustment applications filed

10   12/08/2007 (see attached). Plaintiff filed her I-485 January 27, 2004. Section 202 of Title II

11   of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) provides

12   that immigrant applications should be completed no later than 180 days after initial filing 8

13   U.S.C 1571. The 180 day anticipated time line for the adjudication of adjustment of status

14   application was also incorporated within Section 106(c) of AC21, which permits an adjustment

15   of status applicant to change employers due to a long pending adjustment of status application.

16   8 U.S.C 1154(j). The APA also provides a timing provision which states that agency action

17   should be concluded within a reasonable time. See Forest *Guardians v. Babbitt*, 174 F. 3d

18   1178 (10th Cir. 1999); *Haidari v. Frazier*, 2006 U.S Dist LEXIS 89177, *9-11(D. Minn 2006).

19       Defendants have failed to provide any evidence or make any showing that they acted

20   diligently in adjudication Plaintiff's I-485 application. Defendants have provided numerous

21   statements stating that processing of Plaintiff's application has not been completed, attached to

22   original complaint. Defendants statements fail to provide any information as to what has been

23   done on Plaintiff's name check and what, if any, law enforcement concerns exist to prevent the

24   timely completion of the name check. The CIS has contracted out to a third party, the FBI, to

conduct security and background checks on its behalf. The FBI's duty is therefore subsumed under that of the CIS. The CIS cannot merely shift blame to the FBI, as both are arms of the federal government. *Paunescu*, 76 F. Supp. 2d at 903 n. 2.

Plaintiff also states an APA claim against the FBI. An agency's mandatory duty to act may be expressed in a single statute or from several Congressional enactments which, read together, clearly imply a mandatory duty, *Kaplan V. Chertoff*, No. C 06-5304, 2007 U.S. Dist. LEXIS 22935, (E.D. Pa. 2007). The Kaplan court, after careful analysis of several congressional schemes, including Pub. L No. 101-515, 104 State, 2101, 2112 (1990) and 8 CFR §§ 316.4, 334.2, and 72 Fed Reg. 4888-01(proposed Feb. 1, 2007), held that Congress has, by implication, imposed on the FBI a mandatory duty to complete the background checks. As a result, the APA requires that the FBI complete the criminal background checks in a reasonable amount of time.

An indicator of the unreasonableness of the delay due to FBI name checks can be gleaned from the CIS' own Fact Sheet regarding immigration security checks, which states that initial responses to the name check take 2 weeks for which 80 percent no match is found. Defendants' Motion to Dismiss, Exhibit 1. The other 20 percent are resolved within 6 months. Id. "Less than one percent of cases subject to FBI name check remain pending longer than 6 months." Id. Plaintiff' case appears to fall within this small percentage, and thus, it is well within CIS' ability to request an expedite on Plaintiff's case. The CIS has accepted the filing of mandamus suits as a criterion for expediting security checks in the pas[1]t and recent proposed legislation has also been introduced to generate a time line for FBI name checks.[1]

---

[1] S. 1348, Immigration Reform Bill, introduced on May 9, 2007, would establish an interagency task force to resolve cases pending more than two years due to background checks.

Case No. CV-03631-RMW
Plaintiff's Notice of Motion and Motion for Summary Judgment.

9

1    In a recent mandamus case decided in this District, where an FBI name check caused a

2    delay in processing, the Court granted summary judgment compelling the defendants to

3    adjudicate two I-485 applications. *Singh v. Still*, No. C 06-2458, 2007 U.S Dist. LEXIS 16334

4    (N.D. Cal. 2007). The Singh Court found that the CIS had a duty to process the applications

5    and the FBI had a duty to process the name checks within a reasonable time, regardless of who

6    was responsible for the delay. The CIS in that case attempted to place the responsibility for the

7    delay on the FBI's name check, but the Court noted that "even if the FBI were largely

8    responsible for the delay as Respondents suggest, its conduct would properly be within scope

9    of the complaint herein." *Singh*, 2007 U.S. Dist. LEXIS 16334, at *4. This Court further noted

10   that "mere invocation of national security is not enough to render agency delay reasonable per

11   se." *Singh*, 2007 U.S Dist. LEXIS 16334, at *5. In the instant case, Defendants have provided

12   no evidence to explain the reason for the delay in the adjudication of Plaintiff's adjustment of

13   status application. Furthermore, any delay by the FBI doesn't take away from the CIS' duty to

14   process Plaintiff's application in a reasonable time.

15

16

17   Plaintiff filed her case over four years ago, and the Defendants have a duty to complete the

18   adjudication of Plaintiff's adjustment of status application within a reasonable time. Plaintiff

19   has complied with the requirements for eligibility under the statute, including relevant

20   fingerprinting. Nor have the Defendants provided any evidence contrary to Plaintiff's claim to

21   have met all the statutory requirements for adjustment of status. The responsibility for the

22   delay rests entirely with Defendants. Defendants have not shown that they have made

23   reasonable efforts to complete her I-485 application. Defendants cannot merely hide behind

24   FBI name checks to continue the interminable delay in Plaintiff's application. Absent the

25   court's order, the application is likely to continue pending without decision, and thus, Plaintiff

26   has no other adequate remedy available.

27

28

Plaintiff has been adversely affected by the delay in adjudication of her adjustment of status application, despite the fact that she has met statutory requirements for eligibility. Plaintiff has been damaged by being deprived of a decision for more that four years; by being unable to plan or pursue a future course of action in the United States due to the pendency of this application; and by repeatedly applying and paying for extensions of employment authorization and travel documents, as they are limited to increments not to exceed one year while the application is pending. 8 CFR § 274a.12(c)(9). Furthermore, Plaintiff's opportunity to apply for naturalization will be further delayed as it requires five years from the date of becoming a permanent resident.

Because Plaintiff has a clear right to the relief requested, Defendants have a clear duty to adjudicate Plaintiff's adjustment of status application, and no other adequate remedy is available, the relief of mandamus is warranted. The evidence considered in the light most favorable to the government, demonstrates, as a matter of law, that Defendants have unreasonably delayed in the processing of Plaintiff's adjustment of status application.

### Conclusion

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant summary judgment in favor of the Plaintiff and write of mandamus be issued against all Defendants.

Dated: August 8, 2008                                    Respectfully submitted,


                                                         Tracy L. Wood
                                                         Attorney for Plaintiff


Case No. CV-03631-RMW
Plaintiff's Notice of Motion and Motion for Summary Judgment.

11



U.S. Citizenship and Immigration Services

Search

Advanced Search

| Services & Benefits | Immigration Forms | Laws & Regulations | About USCIS | Education & Resources | Press Room |

Print This Page   |   Back

# U.S. Citizenship and Immigration Services
## San Jose CA Processing Dates
## Posted July 15, 2008

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 13-15 months to process.

We offer a variety of services after you file.  For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

District Office Processing Dates for **San Jose CA** Posted July 15, 2008

| I-131 | Application for Travel Documents | April 16, 2008 |
| I-485 | Application to Register Permanent Residence or Adjust Status | December 08, 2007 |
| I-600 | Petition to Classify Orphan as an Immediate Relative | March 18, 2008 |
| I-600A | Application for Advance Processing of Orphan Petition | March 18, 2008 |
| I-765 | Application for Employment Authorization | March 22, 2007 |
| N-400 | Application for Naturalization | July 04, 2007 |
| N-600 | Application for Certification of Citizenship | January 17, 2008 |

Print This Page   |   Back

**08-08-2008 04:43 PM EDT**

Home   Contact Us   Privacy Policy   Website Policies   NoFEAR   Freedom Of Information Act   FirstGov

U.S. Department of Homeland Security