E-FILED on    10/27/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHING YUAN CHIEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security, et. al.,<br><br>    Defendant. | No. C-08-03631 RMW<br><br>ORDER GRANTING *EX PARTE* APPLICATION TO STAY MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 6]** |

   Plaintiff Ching Yuan Chien filed his complaint in this action on July 29, 2008. He moved for summary judgment on August 19, 2008, but did not request a hearing date. The defendants have not filed an opposition to the motion, and now seek to stay the motion to permit them to file an opposition. Mr. Chien opposes the application to stay the summary judgment motion.

   As an initial matter, a plaintiff may file a motion for summary judgment "at any time after 20 days have passed from commencement of the action." Fed. R. Civ. P. 56(a)(1). A party commences an action by filing a complaint with the court. Fed. R. Civ. P. 3. That is, the date of "commencement of the action" does not turn on whether the defendant has yet been served. Oddly, this implies that the Federal Rules permit a plaintiff to move for summary judgment before the defendant has been served, though any such judgment would likely be void due to the failure to provide notice to the defendant. Nevertheless, this implies that the court cannot *sua sponte* deny the

United States District Court
For the Northern District of California

motion for summary judgment as untimely.  *Accord Local Union No. 490, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL-CIO v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir. 1966) (affirming denial of a summary judgment motion filed one day after action commenced).

The defendants argue that they have not been properly served, and they were thus unaware of this motion until the defendants' counsel checked the case's electronic docket on September 30, 2008.[1]  Indeed, Mr. Chien does appear to have failed to serve the defendants.  Properly serving the United States and its agents is not trivial.  *See generally* Fed. R. Civ. P. 4(i).  At a minimum, a plaintiff must serve the district's United States attorney *and* the United States Attorney General.  Fed. R. Civ. P. 4(i)(1)(A)-(B).  If a plaintiff is suing an agency or officer of the United States, the agency or officer must also be served.  Here, Mr. Chien appears to have served the officers and agents he seeks to sue.  *See* Docket No. 7.  But he has not served the United States attorney general.  Nor has he served the local United States attorney, though he appears to have tried, but erred, by serving the director of the United States Attorney's Office in Washington.  Service of process therefore appears to remain incomplete.  It is beyond doubt, however, that the United States is now aware of this case and the motion for summary judgment by dint of the *ex parte* application prompting this order.

The defendants move to stay Mr. Chien's motion for summary judgment pending completion of service of process, and then request sixty days to file an opposition.  The defendants have not, however, moved to dismiss for failure to properly serve them pursuant to Rule 12(b)(5).  Mr. Chien opposes the application, arguing that he did properly serve the defendants with the summons and complaint and that he "believed [the summary judgment motion] was electronically served on defendant."  *But see* Docket No. 4 (Aug. 19, 2008) (clerk's notice re: failure to file motion for summary judgment electronically); Docket No. 5 (Sept. 30, 2008) (certificate of service attesting to mailing the motion for summary judgment to the defendants' counsel).

As a preliminary matter, the court orders the parties to meet and confer in good faith to discuss (a) perfecting service of process upon the defendants, and (b) scheduling an initial case

---

[1] The defendants' counsel's declaration suggests that the defendants were, however, aware that Mr. Chien had filed a complaint.

ORDER GRANTING *EX PARTE* APPLICATION TO STAY MOTION FOR SUMMARY JUDGMENT
No. C-08-03631 RMW
TSF  2

1  management conference. The parties are to then file a stipulation agreeing to an initial case
2  management conference date. At that case management conference, the court will set a briefing
3  schedule and hearing date for (a) the pending motion for summary judgment and (b) any cross-
4  motions to dismiss or for summary judgment. Until then, the court holds the motion for summary
5  judgment in abeyance.

DATED:     10/20/2008

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Tracy Lee Wood        tracyleewood@yahoo.com
Vivian Lu             admin@attorneylu.com

**Counsel for Defendant:**

Melanie Lea Proctor   Melanie.Proctor@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   10/27/2008                             TSF
                                            **Chambers of Judge Whyte**